IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL ANTHONY WILLIAMS,       *
#368234,
                                                         *
            Plaintiff,
    v.                                     *       CIVIL NO. WDQ-12-1934

STATE OF MARYLAND, and         *
SEAN EVERETT BROWN, LLC,
                                                         *
          Defendants.
                                                        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

On June 27, 2012, Michael Anthony Williams ("Williams"), an inmate at the Maryland Correctional Training Center ("MCTC"), filed this action under 42 U.S.C. § 1983, alleging that his civil rights had been violated by the legal malpractice of his defense counsel, Sean Everett Brown. ECF No. 1. Williams asserts that, in March 2011, he received an unfair trial due to Brown's ineffective representation.[1] Because he appears indigent, Williams's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) will be granted. However, his Complaint will be dismissed as frivolous before it is served on the Defendants.

A threshold requirement for filing an action pursuant to § 1983 is that the defendant must have acted "under color of" state law. A defense attorney, whether privately retained or appointed by the state, is not acting under state law and is therefore not amenable to suit under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). Consequently, a § 1983 cause of action may not

---

[1] On March 25, 2011, Williams was convicted of second-degree assault and fourth-degree theft and sentenced to a cumulative thirteen-year term in the Circuit Court for Baltimore County. *See State v. Williams*, Criminal Case No. 03K10004444, *available at* http://casesearch.courts.state.md.us (search Michael Anthony Williams for "name" and follow hyperlink for case number 03K10004444).

rest against attorney Sean Brown or the State of Maryland.

Because Williams's prisoner civil rights case fails to state a claim and is premised on an "indisputably meritless legal theory," his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).[2] He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Fed. R. Civ. P. 12(b)(6).[3] This constitutes the second § 1915(e) strike to be assessed against Williams.[4] A separate order follows.

Date: July 9 , 2012.

William D. Quarles Jr.
United States District Judge

---

[2] That section provides that

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] Under Rule 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.

[4]
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.

28 U.S.C. § 1915(g). A previous lawsuit by Williams was dismissed under § 1915(e). *See Williams v. Franklin Square Hosp. Ctr.*, Civil Action No. WDQ-11-3464 (D. Md. 2011).